UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VICTOR ALFONSO MORENO JIMENEZ,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ICE PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-5820 (VC)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 3

This matter is before the Court on Petitioner's writ of habeas corpus and application for a temporary restraining order. For the reasons that follow, the Petition is dismissed and the application for injunctive relief is DENIED.

## I. BACKGROUND

Petitioner first entered the United States at an unknown date and time and was granted lawful permanent resident status on December 19, 2022. Dkt. No. 7-1 at 2–3. Though not disclosed in the petition, records submitted by Respondents indicate that Petitioner was found guilty of sex abuse of a minor on June 6, 2024, and sentenced to five years in prison.[1] *Id*. at 3. It appears that sentence, however, was suspended, and Petitioner was released from custody on probation after serving ninth months of his sentence. *See* Dkt. No. 7-2 at 5. Petitioner was subsequently arrested by U.S. Immigration and Customs Enforcement on June 5, 2026. Dkt. No.

[1] Respondents argue that Petitioner "was convicted of sex abuse of a minor, and five counts of rape in the second degree." Dkt. No. 7 at 1. The records submitted by Respondents, however, indicate that Petitioner was only convicted for the former offense, and was found either not guilty, or the prosecutor declined to pursue, the rape charges. *See* Dkt. No. 7-2 at 5.

7-1 at 3. He was issued a notice to appear charging him as inadmissible under INA §§ 237(a)(2)(A)(i) and 237(a)(2)(E)(i), and placing him in removal proceedings that same day. Dkt. No. 7-1 at 1–4. Petitioner's removal proceedings remain pending.

## II. DISCUSSION

Petitioner challenges his continued detention on the grounds that Respondents have failed to identify the statutory authority controlling his detention, and that his detention violates due process. *See* Dkt. No. 1 ¶¶ 11–21. Respondents contend that the Petition should be denied for three reasons. First, they argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) based on his prior criminal conviction. Dkt. No. 7 at 2–3. Second, they argue that the Petition must be dismissed because Petitioner has not exhausted his remedies by requesting a hearing where an immigration judge may assess the applicability of § 1226(c). *Id*. at 4. Finally, Respondents argue that Petitioner's detention has not become unconstitutionally prolonged. *Id*. at 3–4.

### A. Exhaustion

The Court need not reach the question of whether Petitioner is properly detained under § 1226(c), because Petitioner has not exhausted his administrative remedies with respect to the applicability of that statute. Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted).

Here, 8 U.S.C. § 1226(c) "carves out a statutory category of [noncitizens] who

may *not* be released under § 1226(a)," mandating detention for a noncitizen "who falls into one of several enumerated categories involving criminal offenses." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis in original). At a *Joseph* hearing, Petitioner "may avoid mandatory detention by demonstrating that he … was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *See Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). The *Joseph* hearing process enables Petitioner to challenge his mandatory detention under § 1226(c), and the immigration court has the expertise necessary to develop the record. Additionally, a *Joseph* hearing will allow DHS to correct its own mistakes, and avoid judicial review, if in fact Petitioner's conviction does not support detention under § 1226(c).

Accordingly, Petitioner's statutory claims (counts 1, 3) are dismissed for failure to exhaust his administrative remedies. *See, e.g.*, *Buckley v. Chestnut*, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion requirements because petitioner's appeal of his *Matter of Joseph* hearing was pending); *Jonathan G.P. v. Mullen*, No. 1:26-CV-03196-RLP, 2026 WL 2018619, at *5 (E.D. Cal. July 13, 2026); *Rakeshkumar H.P. v. Warden, California City Corr. Ctr.*, No. 1:26-CV-02869-MWJS, 2026 WL 1146201, at *1 (E.D. Cal. Apr. 28, 2026) (denying petition where Petitioner's proper recourse for challenging his detention under 1226(c) was a *Joseph* hearing); *Martinez Rodriguez v. Warden, Central Valley Annex*, No. 1:26-CV-3681-DC-CSK, 2026 WL 1864641 (E.D. Cal. June 29, 2026) (dismissing petition for failing to exhaust administrative remedies by not first seeking a *Joseph* hearing to challenge his detention under 1226(c)).

**B. Due Process**

For purposes of analyzing Petitioner's due process claim, this Court assumes that Petitioner is detained pursuant to § 1226(c). "The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to 8 U.S.C. § 1226(c) … however, "[n]umerous district courts … have found that unreasonably long detention periods may violate the due process clause." *Hernandez v. Lundy*, No. 1:25-CV-02007-SKO

(HC), 2026 WL 102292 (E.D. Cal. Jan. 14, 2026) (collecting cases). Judges have reached different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under 8 U.S.C. § 1226(c), with factors such as the length of detention, whether the detention is likely to continue, and the reasons for the delay among items considered amongst the plethora of different balancing tests. *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents), *appeal dismissed sub nom. Keo v. Warden*, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025).

Regardless of which test the Court applies here, Petitioner has not shown that his detention, which is mandatory by statute, has become unconstitutional as applied to him. On this record, it appears that Petitioner has been detained for two months. Dkt. No. 1 ¶ 6. As evidenced by the various balancing tests considering different factors, such as the indefiniteness of the detention and cause of the delay, the duration of detention, standing alone, is generally not enough to justify relief from § 1226(c) detention. *See Gonzalez v. Bonnar*, No. 18-CV-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019) ("Although Petitioner continues to insist on a bright-line rule that detention beyond 6-months is constitutionally impermissible, the Supreme Court's decision in *Jennings* establishes there is no such bright-line rule."). Indeed, Courts in this district have denied habeas relief for individuals' whose detention far exceeded this timeframe. *See, e.g.*, *Carlos A.C.J. v. Warden of the Mesa Verde Det. Facility*, No. 1:26-cv-04434-MWJS, 2026 WL 1752066, at *2 (E.D. Cal. June 17, 2026) (concluding that detention of approximately seven and a half months under 8 U.S.C. § 1226(c) did not violate due process); *Keo*, 2025 WL 1029392, at *6–8 (concluding that twenty-two-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Oth v. Chestnut*, No. 1:25-cv-01367-KES-HBK (HC), 2026 WL 323053, at *5–8 (E.D. Cal. Feb. 6, 2026) (concluding that fourteen-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Daley v. Andrews*, No. 1:25-cv-00922-KES-CDB (HC), 2026 WL 101840 (E.D. Cal. Jan. 14, 2026) (concluding that seventeen-month detention under 8 U.S.C. § 1226(c) did not violate due process).

The fact that Petitioner's detention has reached two months is not sufficient to justify habeas relief without further evidence that his detention has become indefinite or that it has become unconstitutionally prolong given his particular situation. Petitioner's due process claim is, therefore, dismissed without prejudice.

## III. CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Petitioner's motion for a temporary restraining order is DENIED.
2. Petitioner's claims for violation of the INA are DISMISSED (counts 1, 3).
3. Petitioner's claim for violation of the due process clause is DISMISSED without prejudice (count 2).
4. The Clerk of the Court is directed to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: August 18, 2026

VINCE CHHABRIA
United States District Judge